UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-576-MOC

| DARLENE MANGHAN | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| MICHELIN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the court on Defendant's Motion to Dismiss Plaintiff's Complaint for Improper Service of Process and Failure to State a Claim. (Doc. No. 7).

I.     BACKGROUND

This lawsuit arises out of Plaintiff's former employment with Camso USA Inc. ("Camso"). Plaintiff's employment began in June 2021, and Plaintiff was terminated in October 2022. Plaintiff attempts to bring the following claims: discrimination based on race under Title VII of the Civil Rights Act of 1964 ("Title VII"); discrimination based on age under the Age Discrimination in Employment Act ("ADEA"); discrimination based on her purported disability in violation of the Americans with Disabilities Act, as amended ("ADA"); failure to accommodate under the ADA; and retaliation under the Family and Medical Leave Act ("FMLA"). When Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), she only alleged discrimination based on her disability in violation of the ADA.

1

On August 12, 2024, Defendant filed the pending motion, seeking dismissal of Plaintiff's claims for improper service of process under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure ("FRCP"), and for failure to state a claim under Rule 12(b)(6) of the FRCP. (Doc. No. 7). Defendant contends that Plaintiff did not serve process on Defendant properly under Rule 4 of the FRCP, and that Plaintiff failed to state a claim because she did not exhaust administrative remedies on claims other than her ADA claim. Plaintiff has filed a pro se response, and Defendant has filed a reply. (Doc. Nos. 12, 13). This matter is ripe for disposition.

## II. STANDARDS OF REVIEW

### a. Failure to State a Claim under FRCP 12(b)(6)

Under FRCP 12(b)(6), courts should dismiss claims that fail "to state a claim upon which relief can be granted." A motion to dismiss under this rule tests the sufficiency of the complaint. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct as alleged." Id. While all well-pleaded factual allegations will be taken as true, the Court need not accept conclusory statements. Bruce v. Saia Motor Freight Line, LLC, No. 3:15-cv-00395, 2016 U.S. Dist. LEXIS 27172, at *4 (W.D.N.C. Feb. 2, 2016).

What might be a meritorious claim by a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, even though a pro se party's complaint is liberally construed, the complaint must still contain sufficient factual allegations to support a cognizable cause of action. Riggs v. Urana, 113 F. Supp. 3d 825, 828 (M.D.N.C. 2015)

2

(citing Gordon, 574 F.2d at 1151). The Court can neither develop plaintiff's legal theories, become the pro se litigant's advocate, nor rewrite the complaint. Id.

### b. Service of Process Requirements under FRCP 12(b)(2) and 12(b)(5)

Proper service of process is required for the Court to have personal jurisdiction over a Defendant. McDaniel v. Greyhound Lines, Inc., No. 3:08-cv-00130-FDW, 2008 U.S. Dist. LEXIS 58299, at *15 (W.D.N.C. July 7, 2008); Stewart v. GM Fin., No. 3:19-cv-411, 2019 U.S. Dist. LEXIS 193801, at *5 (W.D.N.C. Nov. 7, 2019). When service of process is deficient, dismissal for lack of personal jurisdiction under FRCP 12(b)(2) is proper. Id. "Actual notice of a lawsuit is insufficient to confer jurisdiction over the person of a defendant, and improper service of process, even if it results in notice, is not sufficient to confer such personal jurisdiction." Land v. Food Lion, LLC, No. 3:12-cv-00006, 2012 U.S. Dist. LEXIS 66717, at *8-9 (W.D.N.C. May 14, 2012).

A defendant may also move to dismiss a complaint for ineffective service of process under FRCP 12(b)(5). Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996). The plaintiff bears the burden of establishing that service of process has been accomplished in compliance with FRCP 4. Id. Although courts afford pro se plaintiffs a degree of leniency in the litigation process, this Court has made it clear that pro se plaintiffs must still strictly follow the rules for process and service of process. See Oliver v. PHH Mortg. Corp., No. 3:20-cv-00304, 2021 U.S. Dist. LEXIS 19277, at *9 (W.D.N.C. Feb. 1, 2021). In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But

3

the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); see also Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").

### III. DISCUSSION

The Court will first address Defendant's 12(b)(6) motion, followed by its service-of-process-related motions under 12(b)(2) and 12(b)(5).

**a. 12(b)(6): Failure to State a Claim**

Before suing under Title VII, the ADEA, or the ADA, a plaintiff must exhaust his or her administrative remedies by filing a Charge of Discrimination with the EEOC. Bryant v. Bell Atl. Md., 288 F.3d 124, 132 (4th Cir. 2002). Courts regularly dismiss claims "under 12(b)(6) when a plaintiff fails to exhaust administrative remedies before filing suit." Seme v. Autumn Care of Statesville, No. 5:23-CV-00152, 2024 U.S. Dist. LEXIS 80433, at *7 (W.D.N.C. Apr. 12, 2024); see also Chacko v. Patuxent Inst., 429 F.3d 505, 513 (4th Cir. 2005). "The EEOC Charge defines the scope of the plaintiff's right to institute a civil suit." Bryant, 288 F.3d at 132; see also Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."). The scope of the civil action is confined by the scope of the administrative investigation that can "reasonably be expected to follow the charge of discrimination." Bryant, 288 F.3d at 132 (citing Chisholm v. United States Postal Serv., 665 F.2d 482, 491 (4th Cir. 1981)).

Plaintiff only filed an EEOC charge for disability discrimination under the ADA. Thus, she has not exhausted administrative remedies arising from her claims for race and age discrimination, failure to accommodate, and retaliation. As a result, the Court will grant the motion to dismiss with respect to these claims.

### b. 12(b)(2) and 12(b)(5): Improper Service of Process

While pro se plaintiffs must strictly follow the rules for service of process, "courts will generally allow pro se plaintiffs a chance to remedy technical insufficiencies in service of process, before dismissing a complaint under Rule 12(b)(5)." See Crespo v. Mortg. Elec. Registration Sys., No. 1:16-cv-00043, 2017 U.S. Dist. LEXIS 46657, at *10 (W.D.N.C. Mar. 29, 2017) (citing Thomas v. Nelms, No. 1:09-cv-00491, 2013 U.S. Dist. LEXIS 19727, at *5 (M.D.N.C. Feb. 14, 2013)).

The Court will allow Plaintiff a chance to properly serve Defendant with process. Plaintiff must do so in compliance with the requirements of Rule 4 of the Federal Rules of Civil Procedure within the next 30 days. Given that the other claims have been dismissed, the Court recommends that Plaintiff serve Defendant with an amended complaint only including the surviving claim of disability discrimination under the ADA.

### IV. CONCLUSION

In sum, the claims that were not brought in the EEOC charge will be dismissed. The claim of disability discrimination under the ADA will not be dismissed, but Plaintiff must properly serve Defendant in accordance with Rule 4 of the FRCP within the next 30 days.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss, (Doc. No. 7), is **GRANTED in PART and DENIED in PART**.

Signed: September 23, 2024

Max O. Cogburn Jr
United States District Judge